AMBROSIO E. RODRIGUEZ  (SBN 200880)
[info@aerlawgroup.com]
**RODRIGUEZ LAW GROUP**
626 WILSHIRE BLVD., SUITE 460
LOS ANGELES, CALIFRNIA 90017
TELEPHONE: (213) 995-6767
FACSIMILE:  (213) 995-6368

GREGORY L. KIRAKOSIAN  (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
TIMOTHY BRABY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BRABY,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN BERNARDINO, DEPUTY VITAL, DEPUTY MARTINEZ, and DOE DEPUTIES 1-10,<br><br>    Defendants, | **Case No.:  5:25-cv-1179**<br><br>**PLAINTIFF'S  COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Search and Seizure (42 U.S.C. § 1983);<br>2. Excessive Force (42 U.S.C. § 1983);<br>3. False and Malicious Investigation and Prosecution (42 U.S.C. § 1983);<br>4. Failure to Prevent Violation of Others (42 U.S.C. § 1983);<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Timothy Braby ("Plaintiff"), hereby files this Complaint for Damages against County of San Bernardino, Deputy Vital (I3973), Deputy Martinez (G7677), and DOE Deputies 1-10. As discussed in further detail herein, this Complaint arises out an incident that occurred on August 14, 2024, at or near 11698 Mt Baker Ct, in the City of Rancho Cucamonga, in the County of San Bernardino. Plaintiff alleges that the Defendants' conduct constituted or led to the unlawful search, seizure, excessive force, malicious prosecution, and accompanying State law violations against Plaintiff.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff's claims arises under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

3. This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

5. Defendant County of San Bernardino was timely served with a claim for damages on or about January 20, 2025, pursuant to California Government Code §§ 910 and 911, *et seq*. The claim for damages was rejected on or about 45 days thereafter. In accordance with Government Code § 945.6, Plaintiff hereby timely file this Complaint within six months of the date of that rejection.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## PARTIES AND GENERAL ALLEGATIONS

6. At all relevant times, the individual Plaintiff Timothy Braby was residing in the County of San Bernardino, California.

7. At all relevant times, Deputy Vital, Deputy Martinez, and DOE Deputies 1-10, were individuals residing in the County of San Bernardino, California. Hereinafter, these Defendants will be referred to collectively as the "Individual Deputies."

8. At all relevant times, the Individual Deputies were acting under the color of law within the course and scope of their employment and duties as agents for Defendant County of San Bernardino. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees.

9. At all relevant times, Defendant County of San Bernardino is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. Herein after, the Individual Deputies and County of San Bernardino will be collectively referred to as "Defendants".

10. At all relevant times, County of San Bernardino is and was a chartered subdivision of the State of California with the capacity to be sued. County of San Bernardino is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Deputies. At all relevant times, Defendant County of San Bernardino was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Deputies.

11. The true names and/or capacities of the Individual Deputies designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

12. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

14. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

15. Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## SHORT STATEMENT OF INCIDENT

16. The "Incident" at issue in this action occurred on August 14, 2024, at approximately 8:00 PM to 9:00 PM, at or near 11698 Mt Baker Ct, in the City of Rancho Cucamonga, in the County of San Bernardino.

17. Prior to any law enforcement interaction, the Plaintiff was lawfully inside his residence when his son began having a medical emergency and chest pains. Approximately twenty-five minutes after paramedics had left Plaintiff's home, Plaintiff heard commands from outside his home demanding that all persons within the home to exit.

18. Plaintiff alleges that the Defendants' purported basis to initially approach Plaintiff's home and command all residents to exit the home was without any warrant, reasonable suspicion, probable cause, or any other lawful basis to make such commands.

19. As weapons were drawn upon Plaintiff, he felt forced to comply with the commands to exit his home. Plaintiff was ordered to walk with his hands up, backwards, and repeatedly lift his shirt to show he was unarmed and posed no threat to the Individual Deputies. Plaintiff complied with all commands and made clear that he was unarmed and posed no danger to the Individual Deputies.

20. While Plaintiff was approximately 6-feet away from the scrimmage line of Deputies, one of the Individual Deputies started making simultaneous commands to other individuals inside the home. Plaintiff heard the Individual Deputy command to "come on back sir." Plaintiff turned around and continued to walk toward deputies when he was suddenly tackled and punched by the Individual Deputies. The Individual Deputies then placed their knees on the Plaintiff's back and pushed his head into the ground, causing bruising and extensive abrasions to his face.

21. Plaintiff was falsely and maliciously arrested for allegedly Obstructing and Resisting the Individual Deputies (i.e. PC 148). Finally, at approximately 2:00 a.m., Plaintiff arrived at the West Valley Detention Center and was booked. He was

released at 3:00 p.m. the following day.

22. After returning home, the Plaintiff learned that his house was searched without the Individual Deputies obtaining a warrant.

23. Ultimately, Plaintiff's criminal charges were dismissed on 8/19/2024.

24. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and the violation of Plaintiff's State and Federal civil rights.

25. For the conduct alleged above, Plaintiff hereby bring the following causes of action:

## FIRST CLAIM FOR RELIE

### Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

26. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27. On August 14, 2024, the Individual Deputies stopped, searched, and seized the Plaintiff's person, property, and home.

28. The Individual Deputies searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

29. Specifically, by means of force and a show of authority, the Individual Deputies commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

30. At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

31. At all relevant times before the Individual Deputies conducted the search and seizure, the Individual Deputies did not have a warrant to conduct the search and seizure.

32. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, the Individual Deputies did not have the express consent of Plaintiff to conduct the search and seizure.

33. At all relevant times before, during, and after the Individual Deputies conducted the search and seizure, the Individual Deputies did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

34. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Deputies observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

35. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff was not subject to a lawful arrest.

36. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or length of the search and seizure.

37. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to believe that Plaintiff's might gain possession of a weapon.

38. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that Plaintiff might destroy or hide evidence.

39. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that there were any exigent

circumstances where there was insufficient time to get a search warrant.

40. When conducting the search and seizure, the Individual Deputies violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

41. The Individual Deputies conducted the search and seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

42. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

43. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

44. Although not required as proof of the unlawful search and seizure, Plaintiff alleges that the Individual Deputies acted with either the knowledge and intent to violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

45. Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

46. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

47. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

48. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

49. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

50. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

51. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

52. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

53. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54. As alleged herein, on August 14, 2024, the Individual Deputies seized Plaintiff's person. When doing so, the Individual Deputies did so with the use of unnecessary, unreasonable, and excessive force. Specifically, as Plaintiff posed no threat of harm, was not physically resisting, and was complying with commands, the Individual Deputies repeatedly punched, tackled, placed their full body weight on top

of, and engaged in other unnecessary, rough, and painful pain compliance techniques that caused extreme pain and harm to Plaintiff's body.

55. At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

56. Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

57. At all relevant times and specifically at the time that force was used:

    a. The nature of the crime or other circumstances known to the Individual Deputies was not of the type that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

    b. The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff posed an immediate threat to the safety of the Individual Deputies or to others;

    c. The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff were actively resisting arrest or attempting to evade arrest by flight;

    d. The Individual Deputies had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Deputies.

    e. No reasonable law enforcement officer would determine that the amount of force used by the Individual Deputies was reasonable or necessary given the need for the use of force;

   f. The Individual Deputies made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful (or even unlawful) objectives of the Individual Deputies;

   g. There was no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to believe that the amount of force used by the Individual Deputies was reasonable, lawful, necessary, or justifiable;

   h. There were no officers or persons' lives which were at risk by the circumstances or conduct by Plaintiff that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

   i. It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use such a degree of force, yet the Individual Deputies failed to give such warning;

   j. There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual Deputies responding to any calls arising from alleged violence.

  58. The Individual Deputies violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

  59. No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

  60. Further, the Defendants' actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

61. Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

62. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

63. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

64. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

65. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

66. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

67. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

68. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

69. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

### THIRD CLAIM FOR RELIEF

**Malicious Investigation and Prosecution in Violation of 42 U.S.C. § 1983**

(*Plaintiff Against All Individual Deputies*)

70. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

71. As described herein, the Individual Deputies stopped, searched, seized, arrested, and had Plaintiff charged with crimes, and did so intentionally, unreasonably, and without a lawful basis.

72. Following the Incident, Plaintiff was charged with obstruction and resisting. At all relevant times, prior to, during, and after the seizure and arrest of Plaintiff, the Individual Deputies knew that Plaintiff had not committed the crime of resisting arrest, yet continued their investigation and preparation of reports to criminally charge and prosecute Plaintiff, despite their knowledge of his innocence, and were deliberately indifferent to Plaintiff's innocence.

73. Prior to and during the Incident, the Individual Deputies fabricated caused to investigate and continue to investigate Plaintiff despite the fact that they knew that Plaintiff was innocent, or deliberately indifferent to Plaintiff's innocence. Moreover, the results of the investigation were used to criminally charge and prosecute Plaintiff.

74. Prior to, during, and after the Incident, the Individual Deputies deliberately fabricated observations and evidence that the Individual Deputies used to initiate criminal charges and prosecution of Plaintiff.

75. The Individual Deputies engaged in deliberate efforts to cover up their own wrongful conduct by providing false statements and testimony, or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports to maliciously charge and prosecute Plaintiff of crimes they

knew that Plaintiff was innocent, or deliberately indifferent to Plaintiff's innocence.

76. The underlying criminal case was resolved in Plaintiff's favor and dismissed on 8/19/2024.

77. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

78. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

79. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

80. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

81. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

82. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

83. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

84. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## FOURTH CLAIM FOR RELIEF

**Failure to Prevent Violations of Others in Violation of 42 U.S.C. § 1983**

(*Plaintiff Against All Individual Deputies*)

85. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86. As described herein, the Individual Deputies violated Plaintiff's civil rights.

87. As Plaintiff's rights were being violated, the Individual Deputies were present and witnessed the conduct of each other Defendant.

88. Based on the facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn that the conduct of each other Defendant was lawful or justified.

89. The Individual Deputies had an affirmative duty to preserve the peace and protect Plaintiff's right to be free from harm and the violation of Plaintiff's rights. This includes the duty to stop others from violating the law and specifically from unlawfully searching, seizing, detaining, and arresting individuals, including the Plaintiff.

90. The Individual Deputies were in a position and had the ability to stop the unlawful conduct against Plaintiff and had knowledge or should have known that his rights were being violated. However, the Individual Deputies intentionally refused to act, failed to prevent it, and allowed the conduct to continue.

91. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

Kirakosian Law, APC

92. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

93. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

94. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

95. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

96. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

97. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

98. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Timothy Braby hereby demands a jury trial on all causes of action and prays for relief and judgment against County of San Bernardino and its Individual Deputies as follows:

1. For past and future general damages in an amount to be determined by proof at trial;
2. For past and future special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages against the Individual Deputies;
4. For reasonable attorneys' fees and costs as provided by statute;
5. For all penalties and other special damages as allowable by law;
6. For costs of suit incurred herein;
7. For interest; and
8. For such other and further relief as the Court deems just and proper.

Date: May 14, 2025

**RODRIGUEZ LAW GROUP**
**KIRAKOSIAN LAW, APC**


*/s/* *Greg L. Kirakosian*
_____
Ambrosio E. Rodriguez
Greg L. Kirakosian
*Attorneys for Plaintiff,*
TIMOTHY BRABY